IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**NORMA LOUISE COTHREN**                                                                **PLAINTIFF**

**V.**                        **NO. 4:17CV00674 BSM/PSH**

**ANDREW SAUL, COMMISSIONER OF**
**SOCIAL SECURITY ADMINISTRATION**[1]            **DEFENDANT**

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**I. Introduction:**

Plaintiff, Norma Louise Cothren, applied for disability benefits on September 29, 2015, alleging a disability onset date of August 24, 2015. (Tr. at 29). The

---

[1] On June 6, 2019, the United States Senate confirmed Mr. Saul's nomination to lead the Social Security Administration. Pursuant to Fed. R. Civ. P. 25(d), Mr. Saul is automatically substituted as the Defendant.

application was denied initially and upon reconsideration *Id*. After conducting a hearing, the Administrative Law Judge ("ALJ") denied Ms. Cothren's claim. (Tr. at 39). The Appeals Council denied her request for review. (Tr. at 1). The ALJ's decision now stands as the final decision of the Commissioner, and Ms. Cothren has requested judicial review. For the reasons stated below, the Court should affirm the decision of the Commissioner.

## II. The Commissioner's Decision:

The ALJ found that Ms. Cothren had not engaged in substantial gainful activity since the amended alleged onset date of September 25, 2015. (Tr. at 31). At Step Two of the sequential five-step analysis, the ALJ found that Ms. Cothren had the following severe impairments: degenerative disk disease, dysfunction of major joints, hypertension, hand numbness, and chronic obstructive pulmonary disease. *Id*.

The ALJ found that Ms. Cothren's impairments did not meet or equal a listed impairment. *Id*. Before proceeding to Step Four, the ALJ determined that Ms. Cothren had the residual functional capacity ("RFC") to perform work at the light level, with limitations. (Tr. at 33). She could occasionally balance, stoop, kneel, crouch, crawl; she could occasionally climb ramps, stairs, ladders, ropes, and scaffolds; she could frequently handle and finger bilaterally; she must avoid fumes, odors, dust, gases, and poorly ventilated areas; and she could frequently operate foot controls bilaterally. *Id*.

The ALJ next found, based on the testimony of a Vocational Expert ("VE"), that Ms. Cothren was able to perform her past relevant work as a telemarketer. (Tr. at 38). Therefore, the ALJ found that Ms. Cothren was not disabled. *Id.*

## III. <u>Discussion</u>:

### A. Standard of Review

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Miller v. Colvin*, 784 F.3d 472, 477 (8th Cir. 2015); *see also* 42 U.S.C. § 405(g). While "substantial evidence" is that which a reasonable mind might accept as adequate to support a conclusion, "substantial evidence on the record as a whole" requires a court to engage in a more scrutinizing analysis:

> "[O]ur review is more than an examination of the record for the existence of substantial evidence in support of the Commissioner's decision; we also take into account whatever in the record fairly detracts from that decision." Reversal is not warranted, however, "merely because substantial evidence would have supported an opposite decision."

*Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005) (citations omitted).

It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial

3

evidence in the record as a whole which supports the decision of the ALJ. *Miller*, 784 F.3d at 477. The Court has reviewed the entire record, including the briefs, the ALJ's decision, and the transcript of the hearing.

B. Ms. Cothren's Arguments on Appeal

Ms. Cothren contends that substantial evidence does not support the ALJ's decision to deny benefits. She argues that the ALJ did not fully develop the record, that he did not give proper weight to the treating nurse's opinion, and he did not properly evaluate Ms. Cothren's subjective complaints. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Ms. Cothren treated her back pain conservatively. She said that analgesics and Mobic helped with pain. (Tr. at 277, 291). She also said that light activity and stretching helped. (Tr. at 297). Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Objective testing (X-rays and MRI) of the spine showed degenerative disc disease, some spurring, and spondylosis. (Tr. at 277-286, 315-322). Ms. Cothren declined epidural steroid injections, although her doctor recommended she proceed with them. (Tr. at 362). Refusal to follow a prescribed course of treatment undercuts a claimant's allegations of disability. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997). She also declined surgery. (Tr. at 365).

4

Her doctors recommended that she exercise and lose weight. (Tr. at 292, 365). Ms. Cothren said she could do things like drive, do household chores, and sew. (Tr. at 22, 50-56, 263). Such daily activities undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995).

A consultative physician examined Ms. Cothren on February 11, 2014. He found normal range of motion in her joints, negative straight-leg raise, normal heel-toe walk, and normal gait and coordination. (Tr. at 256-257). He assessed mild to moderate limitations in functional capacity. (Tr. at 258). A pain management specialist examined Ms. Cothren on September 1, 2015, finding that she had negative straight-leg raise, normal gait, and normal heel-toe walk.(Tr. at 327). She had normal muscle tone and strength. *Id.*

The state-agency reviewing physician found that Ms. Cothren was capable of light work. (Tr. at 91). Ms. Cothren herself said that she would be able to lift about 20 pounds, which is consistent with light work. (Tr. at 61).

Ms. Angelia Paylor, APRN, completed a medical source statement on September 23, 2016. (Tr. at 25). She opined that Ms. Cothren was not capable of even sedentary work based on back, neck, and joint pain. (Tr. at 22-25). She said Ms. Cothren would miss over four days of work per month. *Id*. However, this is contradicted by Ms. Paylor's own note that pain medications helped Ms. Cothren be

5

able to do daily activities. (Tr. at 22). And the record of conservative treatment and mild to moderate objective findings does not correlate with Ms. Paylor's significant restrictions. An ALJ may discount a medical opinion in the face of record inconsistencies. *Guilliams v. Barnhart*, 393 F.3d 798, 803 (8th Cir. 2005). In this case, the ALJ properly gave Ms. Paylor's opinion little weight. (Tr. at 37).

Likewise, the ALJ made his decision based on a fully developed record. He ordered two consultative examinations (one physical and one mental). As discussed above, the physical examination revealed mild to moderate limitations. And the mental evaluation showed that Ms. Cothren was capable of performing most work tasks without problems. (Tr. at 263-264). Ms. Cothren's lack of outpatient psychiatric treatment supports this opinion. With respect to depression, Ms. Cothren was told simply to follow up with her PCP as needed. (Tr. at 291). And at several PCP visits, Ms. Cothren appeared to be cooperative and have appropriate mood and affect. (Tr. at 272, 277).

An ALJ does have a basic duty to develop a reasonably complete record. *Clark v. Shalala*, 28 F.3d 828, 830-831 (8th Cir. 1994). However, it is well-settled that a Plaintiff has the burden of proving her disability; the ALJ does not have to play counsel for the Plaintiff. *Id*. The ALJ is required to recontact a treating or consulting physician or order further testing only if the medical records presented do not

provide sufficient evidence to make a decision on disability. *Martise v. Astrue*, 641 F.3d 909, 926-7 (8th Cir. 2011). Further development was not necessary because the record was not in conflict. Furthermore, Ms. Cothren's attorney did not make a closing statement or suggest more records should be obtained.

Finally, the ALJ properly evaluated Ms. Cothren's subjective complaints. When evaluating a claimant's subjective complaints of pain, the ALJ must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions. *See Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019). An ALJ need not explicitly discuss each factor, and he may decline to credit a claimant's subjective complaints if the evidence as a whole is inconsistent with the claimant's testimony. *Id*. Here, the ALJ considered Ms. Cothren's conservative treatment, moderate clinical findings, positive response to treatment, and minimal restrictions imposed by examining experts before he found her claims of disability less than persuasive. He properly assessed her subjective complaints.

## VI. <u>Conclusion</u>:

There is substantial evidence to support the Commissioner's decision that Ms.

Cothren was not disabled. The ALJ gave proper weight to the medical opinions, he properly evaluated subjective complaints, and the record was fully developed. The decision, therefore, should be affirmed. The case should be dismissed, with prejudice.

IT IS SO ORDERED this 11th day of February, 2020.

_____
UNITED STATES MAGISTRATE JUDGE